DLD-124                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3202
_____

GREGORY STANLEY ROBERTS,
                                                         Appellant

v.

INSERVCO INSURANCE SERVICES
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 17-cv-00476)
District Judge: Cynthia M. Rufe
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 7, 2019

Before:  JORDAN, GREENAWAY, JR. and NYGAARD, Circuit Judges

(Opinion filed: April 4, 2019)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Gregory Stanley Roberts appeals from an order of the District Court dismissing his third amended complaint for lack of subject matter jurisdiction, Fed. R. Civ. P. 12(b)(1). For the reasons that follow, we will summarily affirm.

Roberts worked for the Pennsylvania Department of Public Welfare ("DPW") as a houseparent at its Bensalem Youth Development Center for approximately 20 years. In the course of his employment, Roberts suffered injuries in 1997 and 1998, after which he did not return to work in any capacity. Soon after he stopped working for DPW, Roberts applied for and received a retirement pension from DPW and a Social Security disability pension. He was fifty-one years old at the time.

In June 2004, DPW filed a modification petition based on a labor market survey indicating that positions were generally available to Roberts within his restrictions. DPW also filed a suspension petition, seeking to suspend Roberts' benefits as of June 15, 1999 on the ground that he voluntarily left the labor market as of that date. After much litigation, DPW prevailed and the Commonwealth Court ordered that Roberts' benefits be suspended, see Dep't of Public Welfare v. Workers' Compensation Appeal Bd. (Roberts), 29 A.3d 403 (Pa. Commw. Ct. 2011) ( "Roberts I "). The Court held that Roberts voluntarily withdrew from the workforce. Id. at 407-08. The Court then remanded for a determination of when the suspension of benefits should begin. Id. at 408. In June 2012, the Workers' Compensation Judge found that the effective date of suspension of benefits should be June 5, 1999 (rather than June 15, 1999). In February 2013, the Workers' Compensation Appeal Board affirmed and Roberts did not petition for review of that decision to the Commonwealth Court.

2

In April 2013, Roberts filed a petition for penalties, alleging that DPW failed to pay him benefits pursuant to the Workers' Compensation Appeal Board February 2013 decision. The petition was denied by the Workers' Compensation Judge and the Workers' Compensation Appeal Board affirmed in October 2014. Roberts then petitioned for review to the Commonwealth Court. On August 14, 2015, the Commonwealth Court affirmed, holding that no penalties were due because Roberts' benefits were properly in a suspended status, see Roberts v. Workers' Compensation Appeal Bd. (Dep't of Public Welfare), 2015 WL 5511171 (Pa. Commw. Ct. Aug. 14, 2015) ("Roberts II"). The Court noted that Roberts' real request was that Roberts I be reversed and that his benefits be reinstated retroactive to the date of suspension. The Commonwealth Court determined, however, that Roberts was barred from relitigating that issue; he had failed to petition for review of the Workers' Compensation Appeal Board's February 2013 decision, and he could not use a penalty petition to challenge the determination that he voluntarily removed himself from the workforce. Id. at *2. The Pennsylvania Supreme Court denied review on March 23, 2016 and the United States Supreme Court denied certiorari on January 9, 2017.

On February 1, 2017, Roberts filed a civil rights complaint pursuant to 42 U.S.C. § 1983 in the United States District Court for the Eastern District of Pennsylvania against Inservco Insurance Services, Inc., alleging that Inservco was complicit in the wrongful decision to suspend his benefits. Inservco moved to dismiss the complaint for failure to state a plausible claim for relief, Fed. R. Civ. P. 12(b)(6). Roberts then filed an amended complaint, adding the Pennsylvania Department of Human Services ("DHS"), formerly

known as the Department of Public Welfare, and the Bensalem Youth Development Center ("BYDC") as defendants. He further alleged that Compservices/AmeriHealth, Inc. might be the proper insurance company defendant. DHS/BYDC and Inservco moved to dismiss Roberts' amended complaint. Roberts responded that he did not intend to sue DHS and BYDC. Accordingly, in an order entered on June 19, 2017, the District Court granted their motion and dismissed DHS and BYDC from the action. The Court then questioned whether Roberts sought to sue Inservco or Compservices/AmeriHealth, or both companies. The Court dismissed Roberts' amended complaint but gave him another opportunity to amend and urged him to set forth clearly facts alleging why he was entitled to relief and what relief was sought.

Roberts then filed a second amended complaint, naming as the sole defendant Compservices/AmeriHealth. Roberts also filed a motion for leave to amend. On November 22, 2017, the District Court denied the motion for leave to amend without prejudice and granted Roberts' one final opportunity to amend his complaint. Roberts filed a third amended complaint naming Inservco Insurance Services as the only defendant, and alleging that Inservco had assumed the responsibility of handling his claim. Inservco moved to dismiss the third amended complaint.

In an order entered on September 26, 2018, the District Court dismissed the action under Rule 12(b)(1) and the Rooker-Feldman doctrine for lack of subject matter jurisdiction.[1] The Court determined that Roberts, in arguing a constitutional violation

---

[1] See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

4

regarding the deprivation of property and in seeking reinstatement of his benefits, actually sought to challenge the Commonwealth Court's June 21, 2011 decision (Roberts I), upholding the suspension of his workers' compensation benefits.

Roberts appeals. We have jurisdiction under 28 U.S.C. § 1291. Our Clerk granted Roberts leave to appeal in forma pauperis and advised him that the appeal was subject to summary dismissal under 28 U.S.C. § 1915(e)(2)(B) or summary affirmance under Third Cir. LAR 27.4 and I.O.P. 10.6. He has submitted argument in support of his appeal, which we have considered. He has also moved to expedite the appeal.

We will summarily affirm the order of the District Court because no substantial question is resented by this appeal, see Third Cir. LAR 27.4 and I.O.P. 10.6. We exercise plenary review over subject matter jurisdiction dismissals. See In re: Kaiser Group International, Inc., 399 F.3d 558, 560 (3d Cir. 2005) (Fed. R. Civ. P. 12(b)(1).

"Under the Rooker-Feldman doctrine, a district court is precluded from entertaining an action, that is, the federal court lacks subject matter jurisdiction, if the relief requested effectively would reverse a state court decision or void its ruling." Taliaferro v. Darby Township Zoning Bd., 458 F.3d 181, 192 (3d 2006). The scope of the doctrine is narrow and applies only to cases brought by (1) state-court losers (2) complaining of injuries caused by state-court judgments (3) rendered before the district court proceedings commenced and (4) inviting district court review and rejection of those judgments. Id. (citing Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 284 (2005)). In Great Western Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 165 (3d Cir. 2010), we held that district courts must use the four-part Exxon Mobil

5

test to determine whether subject matter jurisdiction is lacking. In <u>In re: Philadelphia Entertainment & Development Partners</u>, 879 F.3d 492, 499-500 (3d Cir. 2018), we reaffirmed that, when a plaintiff attempts to re-litigate matters, a federal court has jurisdiction as long as the plaintiff presents some independent claim, even if that claim denies a legal conclusion reached by the state court.

Applying the correct standard, the District Court properly arrived at the conclusion that Roberts' third amended complaint fits squarely within <u>Rooker</u>-<u>Feldman</u>. Here, Roberts complained of injuries caused by the Commonwealth Court's decision upholding the suspension of his workers' compensation benefits and sought reinstatement of those benefits. He challenged the Commonwealth Court's decision that he voluntarily withdrew from the workforce. Although he invoked the First and Fourteenth Amendments and sued Inservco, he alleged only that <u>Roberts I</u> was wrongly decided. The District Court correctly determined that the instant civil rights action, although it professed to complain of injury by a third party, actually complained of injury produced by a state-court judgment, <u>see</u> <u>Great Western Mining & Mineral Co.</u>, 615 F.3d at 167. We agree that the Commonwealth Court's decision(s) resulted in the suspension of Roberts' benefits, and, therefore, are the source of his alleged injury. Moreover, that state court judgment was rendered before the instant action was commenced.

For the foregoing reasons, we will summarily affirm the order of the District Court dismissing Roberts' third amended complaint for lack of subject matter jurisdiction. Roberts' motions for appointment of counsel and to expedite the appeal are denied.